# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00468-COA

EBONY CRISLER, A MINOR, BY AND
THROUGH HER NATURAL MOTHER AND
NEXT FRIEND, JANICE CRISLER

APPELLANT

v.

CITY OF CRYSTAL SPRINGS, MISSISSIPPI,
AND CITY OF CRYSTAL SPRINGS POLICE
DEPARTMENT

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 03/17/2014 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID NEIL MCCARTY |
| ATTORNEYS FOR APPELLEES: | DIANE PRADAT PUMPHREY |
| | NICHOLAS DENSON GARRARD |
| | CASEY DALE YOUNGER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | FOUND CONDUCT DID NOT RISE TO THE LEVEL OF RECKLESS DISREGARD |
| DISPOSITION: | AFFIRMED: 08/04/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Ebony Crisler was a member of the Crystal Springs High School band. On October 28, 2011, after a football game ended, she put up her band equipment and called her father for a ride. He arrived and waited across the street from the school. When Ebony tried to cross the street to meet her father, Crystal Springs Police Officer Jerome Leflore struck her with his patrol car. As a result of the collision, Ebony sustained injuries and was airlifted to

the hospital.

¶2.     On January 18, 2013, Janice Crisler, as the mother and next friend of Ebony, filed a complaint in the Circuit Court of Copiah County against the City of Crystal Springs, the City of Crystal Springs Police Department, and John Does A, B, and C.  John Does A, B, and C were identified as any owner or operator of the vehicle operated by the city and the police department.  This case was brought pursuant to the Mississippi Tort Claims Act (MTCA). The complaint alleged that Officer Leflore operated the vehicle in a reckless manner.

¶3.     The case was tried without a jury.  The trial judge found that Ebony's injuries were the result of Officer Leflore's negligence.  However, the trial judge also found that because Officer Leflore's conduct did not amount to reckless disregard, the defendants were entitled to immunity under the MTCA, specifically Mississippi Code Annotated section 11-46-7(1) (Rev. 2012).  Therefore, the trial court entered a judgment in favor of the defendants.  It is from this judgment that the Ebony appeals.

¶4.     In this appeal, Ebony argues that the overwhelming amount of the evidence admitted at trial showed that Officer Leflore acted with reckless disregard when he crashed his cruiser into her after the football game.  Further, Officer Lefore admitted that he knew there was a high risk of harm because of all the children running around after the game, and the testimony at trial showed that he deliberately disregarded those risks.

¶5.     "A circuit court judge sitting without a jury is afforded the same deference as a chancellor." *City of Jackson v. Sandifer*, 107 So. 3d 978, 983 (¶16) (Miss. 2013) (citing *City*

2

*of Jackson v. Powell*, 917 So. 2d 59, 68 (¶34) (Miss. 2005)). Further, the appellate court "leaves undisturbed a circuit court's findings following a bench trial unless the findings are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *City of Jackson v. Lewis*, 153 So. 3d 689, 693 (¶5) (Miss. 2014) (citation and internal quotation marks omitted). And while "reasonable minds might differ on the conclusion of whether or not the officer in question acted in reckless disregard, it is beyond [our] power to disturb the findings of the trial judge if supported by substantial evidence." *City of Ellisville v. Richardson*, 913 So. 2d 973, 978 (¶15) (Miss. 2005) (citing *City of Jackson v. Brister*, 838 So. 2d 274, 277-78 (¶13) (Miss. 2003)).

¶6. This action is governed by the MTCA. Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2012 & Supp. 2014). In order for a municipality to waive governmental immunity from suit, the state actor in question or its employee must be found to have "acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]" Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2012).

¶7. In *Lewis*, the Mississippi Supreme Court held that "[r]eckless disregard . . . [is] more than mere negligence, but less than an intentional act. Further, . . . reckless disregard [is found] when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *Lewis*, 153 So. 3d at 693-94 (¶5) (internal citations and quotation marks omitted).

¶8. Here, the circuit court ruled that Officer Leflore was acting in the course and scope

3

of his employment on the night of October 28, 2011. This finding is not challenged in this appeal.

¶9. The circuit court also found that Officer Leflore was on patrol near the high school. He came to the intersection of Newton and Marion Streets and stopped. Officer Leflore testified that he saw kids all along the sidewalk near the intersection. Then, as he proceeded through the intersection, Officer Leflore saw a group of kids run from the east side of the intersection towards the west, crossing Newton Street. Officer Leflore estimated that he was traveling between eight and twelve miles per hour when he saw the kids run across the street. He "jammed" on his brakes, and Ebony's right knee hit the front passenger side of the bumper of his patrol car.

¶10. There was evidence to conflict Officer Leflore's testimony. There was testimony that Ebony did not run across the street, but that she walked slowly across the street. There was also testimony that Officer Leflore did not come to a complete stop, but that he ran the stop sign. However, the witness that claimed Officer Leflore ran the stop sign did not know it was Officer Leflore driving the vehicle, and the witness did not see the collision. There was also evidence that Officer Leflore's engine had "raced up."

¶11. The circuit court considered the evidence and found:

> [A]bout the time [Officer] Leflore was traveling in his police vehicle in front of the school on Newton Street, an incident occurred across the street from the school[,] which attracted more people to the area. A group of pedestrians crossed the street in front of [Officer] Leflore[,] which included [Ebony,] who was hit by the vehicle . . . . At this time [Officer] Leflore was carrying out the terms and conditions of his employment and was acting in the course and

4

scope of his duties as a police officer.

> The Court finds that at [] or about the time of the incident with [Ebony], there was not sufficient evidence to find that [Officer] Leflore was speeding, drove his vehicle above the speed limit or ran a stop sign while traveling on Newton Street.

¶12. Thus, while the circuit court found that Officer Leflore was negligent, the court also found that his conduct did not rise to the level of reckless disregard. Courts have found reckless disregard when an officer acted with conscious indifference. For example, in *Maye v. Pearl River County*, 758 So. 2d 391 (Miss. 1999), the supreme court found that an officer had acted with reckless disregard by blindly backing up an incline. There, the officer testified that he could not see as he was backing up his vehicle. *Id.* at 394 (¶18). The court found that the officer acted with "conscious indifference to the consequences" by backing up without knowing what was behind him. *Id.* at 395 (¶21). The court ruled that such actions met the definition of wantonness: "[A] failure or refusal to exercise any care." *Id.* As a result, the defendant was found to be liable for the plaintiff's damages. *Id.* at (¶22).

¶13. Here, the circuit court found Officer Leflore was negligent in the operation of the patrol car but did not find that there was evidence that Officer Leflore acted with conscious indifference when he drove in front of the school. We find that there was substantial evidence to support the circuit court's ruling and that the decision was not manifestly wrong or clearly erroneous. As a result, we must affirm the judgment.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, MAXWELL AND FAIR, JJ., CONCUR. CARLTON AND JAMES, JJ., DISSENT WITHOUT SEPARATE OPINION. WILSON, J., NOT PARTICIPATING.**